**G. M. BASFORD CO. v. UNITED STATES.**

No. K–14.

Court of Claims.

June 6, 1932.

This case having been heard by the Court of Claims, the court, upon the evidence adduced, makes the following special findings of fact:

1. The plaintiff is a corporation, and at the time involved in this suit was engaged in the business of advertising, among other things, technical devices.

2. On March 14, 1916, George M. Basford individually entered into contracts with ten companies for advertising services. These contracts provided that his compensation was to be on the basis of a monthly charge by him to each company commensurate with charges made by other representative advertising firms for similar services. Each of the ten contracts had a duration of five years from date, and all were in full force and effect during the years 1919, 1920, and 1921.

Among other things, each of the contracts provided that George M. Basford was to organize a corporation, with himself as president and general manager, of which he was to maintain control through ownership of a majority of the stock, and the assignment of each contract to such corporation was therein consented to.

3. On March 14, 1916, George M. Basford organized the G. M. Basford Company, a corporation, the plaintiff herein, with an authorized capital stock of $100,000, and at the first meeting of directors on March 14, 1916, a resolution was adopted accepting said Basford's offer to sell and assign to plaintiff all his rights in and to said contracts at an aggregate value of $100,000, which was accepted by the directors as the value of said contracts; it being further resolved to issue to said Basford and his nominees in consideration therefor fully paid capital stock of plaintiff in an aggregate amount of $100,000.

4. On March 14, 1916, an agreement was made between George M. Basford and plaintiff under which he individually sold and transferred to plaintiff all his right and interest in and to said ten contracts in consideration for which plaintiff agreed to issue to him and his nominees certificates of stock of plaintiff company in an aggregate amount of 1,000 fully paid shares of the par value of $100 each. Pursuant to said agreement stock was issued as follows:

| Name | No. of shares |
|---|---|
| Allen, Samuel G. | 3 |
| Allen, Samuel G., trustee | 4 |
| American Arch Co. | 77 |
| Ball, H. F. | 3 |
| Basford, G. M. | 510 |
| Bourne, George L. | 3 |
| Caracristi, V. Z. | 3 |
| Coffin, J. S. | 3 |
| Economy Devices Corporation | 77 |
| Franklin Railway Supply Co. | 77 |
| Lima Locomotive Works, Inc. | 80 |
| Locomotive Superheater Co. | 77 |
| Parish, Le Grand | 3 |
| Muhlfield, J. E. | 3 |
| Rome Merchant Iron Mill | 77 |

The ten contracts were paid in to plaintiff by George M. Basford in lieu of capital stock at an aggregate value of $100,000. No other asset of any kind was paid in to plaintiff for capital stock, and plaintiff's capital stock has never been increased. Plaintiff never owned any real estate. A 5 per cent. dividend totaling $4,980 was declared upon the capital stock of the plaintiff company and paid to stockholders of record as of March 23, 1920.

5. The following duly elected directors of plaintiff received the number of shares set out in finding 4, as qualifying shares: Samuel G. Allen; Samuel G. Allen, trustee; H. F. Ball, George L. Bourne; V. Z. Caracristi; J. S. Coffin; Le Grand Parish; and J. E. Muhlfield. On or about December 15, 1921, the said companies enumerated in finding 4 gratuitously assigned their shares to George M. Basford individually.

6. Plaintiff duly filed corporation income and profits tax returns for the year 1919, and paid the sum of $1,856.30 therein shown to be due, as follows: By check dated March 15, 1920, $464.08; June 14, 1920, $464.07; September 10, 1920, $464.08; December 8, 1920, $464.07.

In due course return for the year 1920 was filed, and plaintiff paid the sum shown to be due therein, $978.23, by check dated March 10, 1921, with the indorsement "Paid under protest."

Plaintiff filed a return for the year 1921, and showed no tax payable for that year.

In March, 1925, plaintiff was notified that the Commissioner of Internal Revenue had assessed additional taxes against plaintiff for the years 1919, 1920, and 1921. On August 9, 1926, plaintiff paid the additional taxes assessed, together with interest thereon, as follows: For 1919, $3,655.19; for 1920, $3,457.01; and for 1921, $501.71.

7. On or about March 22, 1928, plaintiff filed claims for refund: For 1919, $3,655.19; for 1920, $3,457.01; and for 1921, $501.71. These claims for refund were based on the ground that plaintiff was entitled to be classified as a personal service corporation under section 200 of the Revenue Acts of 1918 and 1921 (40 Stat. 1059 and 42 Stat. 228), and not subject to income and profits taxes. These claims for refund were denied by the Commissioner. Waivers having been filed, no objection was made on the ground of the time when the taxes were collected.

8. During the years 1919, 1920, and 1921 plaintiff was an advertising service agency. Its business was procuring and executing the advertising and technical devices for clients employing plaintiff for this purpose.

In handling the advertising for the ten contracting companies referred to in finding 2, plaintiff contracted for space in the Railway Review, Railway Age, Iron Age, and Iron Trade Review, and obtained funds to pay for the space by charging said companies in advance for services. These companies paid plaintiff in advance for the month in which said advertising was printed, and there was no variation to this procedure, except that, when plaintiff commenced business on March 14, 1916, each of said companies paid to it the sum of $875, constituting advance service fees for three months.

9. Plaintiff never employed borrowed funds in its business, nor did it receive any income from government contracts or from trading in merchandise as a principal. Plaintiff's sole source of income during the period of 1919, 1920, and 1921, with the exceptions mentioned hereinafter in finding 12, was derived from personal service charge or charges for writing advertising for its clients and having the same printed in magazines.

10. George M. Basford devoted all his time to plaintiff's business, and was in complete charge of it personally. He composed and wrote the advertisements for plaintiff's clients. Other employees of plaintiff were engaged solely in collecting data, figures, and information to be turned over to Mr. Basford.

No other stockholder except George M. Basford took an active part in plaintiff's business.

11. During the years 1919 and 1920 the plaintiff paid a salary to George M. Basford, as president and secretary, of $10,000, and smaller salaries to a number of other persons employed. In the year 1921 a salary of $20,000 was paid to Basford and smaller salaries to a number of other employees.

12. During 1921 plaintiff owned bonds on which it received interest of $660.90. Plaintiff also received interest on bank deposits, and the amounts of said deposits were $8,630.78 on December 31, 1919, $7,094.84 on December 31, 1920, and $19,475.95 on December 31, 1921.

13. George M. Basford died on October 26, 1925. At the time of taking testimony in this case, April 10, 1929, the G. M. Basford Company was carrying on the work for which the company was organized in 1916 with practically the same organization. The ten original contracts with which the company started expired on March 14, 1921, but were renewed, and the company continued to write advertising for these said ten companies after Mr. Basford's death.

Donald Horne, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, LITTLETON, and WHALEY, Judges.

GREEN, Judge.

The plaintiff brings this suit to recover $10,448.09 with interest which it alleges it overpaid on its income taxes for the years 1919, 1920, and 1921. The claim upon which plaintiff's case is based is that it is entitled to be classified as a personal service corporation under section 200 of the Revenue Acts of 1918 and 1921. Under such a classification the plaintiff should not have been taxed as a corporation but the individual stockholders would be taxed in the same manner as members of a partnership.

During the years involved, the plaintiff was an advertising service agency. Its capital stock consisted of 1,000 fully paid up shares of the par value of $100 each, of which George M. Basford, as president, owned 510 shares, and 490 shares were distributed among fourteen other stockholders.

George M. Basford, president of the plaintiff corporation, devoted all of his time to the business, and was in complete charge of it personally. None of the other stockholders took an active part in the business. The plaintiff had no capital, and appears to have derived the money necessary to carry on its business by receiving payments in advance on advertising contracts. It had no government contract, never traded as a principal, and was a domestic corporation. The evidence shows that it had valuable contracts for advertising, and its tax returns showed it received a considerable amount of income from its business, which consisted principally of rendering personal service. The concern had a number of employees, but its earnings appear to be due largely to the activities and management of its president, George M. Basford, and the evidence fails to show that any of the other owners or stockholders took any part or had anything to do with the business, although they held 49 per cent. of the stock. Among the minority stockholders, there was one who held 80 shares and five who held 77 shares of stock. Section 200 of the Revenue Act of 1918 (40 Stat. 1059) provides:

"The term 'personal service corporation' means a corporation whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation. * * *"

Under the facts in the case, we do not think that plaintiff came within this requirement, and therefore hold that it was not a personal service corporation.

It follows that plaintiff's petition must be dismissed, and it is so ordered.