833 F.2d 1179
 Elizabeth M. HENSGENS, Individually and On Behalf Of the
Minors, Karl Jude Hensgens, Brian Keith Hensgens, Catherine
Elaine Hensgens, Mary Elizabeth Hensgens, Craig Robert
Hensgens and Charles Hensgens, III, Plaintiffs-Appellants,
v.
DEERE & COMPANY, et al., Defendants-Appellees.
 No. 87-4251.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 17, 1987.
 
 Leslie J. Schiff, Anne E. Watson, Sandoz, Sandoz & Schiff, Opelousas, La., for plaintiffs-appellants.
 Guglielmo, Lopez, Tuttle & Walker, James T. Guglielmo, Opelousas, La., for amicus curiae.
 L. Lane Roy, Lee H. Ishee, Roy & Hattan, Lafayette, La., for Deere.
 John E. McElligott, Jr., Davidson, Meaux, Sonnie & McElligott, Lafayette, La., for Gueydon.
 Appeal from the United States District Court for the Western District of Louisiana.
 Before REAVLEY, WILLIAMS and HIGGINBOTHAM, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 Elizabeth Hensgens, on behalf of herself and her minor children, appeals the grant of summary judgment for defendants Deere & Co. and Gueydan Tractor & Equipment Company ("Gueydan"). We vacate and remand.
 
 I.
 
 2
 Charles Hensgens, Jr., Elizabeth's husband and the children's father, was killed on March 6, 1985 in an accident involving a John Deere Tractor. Elizabeth Hensgens (for herself and her minor children, all Louisiana citizens) brought suit against "John Deere Corporation" (an improper name) on February 25, 1986 in Louisiana state court. "Deere & Co." (the proper name) did not receive service until April 28, 1986. Deere (an Illinois corporation) then removed the case to federal court and Hensgens amended her complaint to change "John Deere Corporation" to "Deere & Co." In November, Hensgens moved to amend her complaint again to add Gueydan, the Louisiana corporation which sold the tractor, as a defendant.
 
 
 3
 Deere & Co. filed a summary judgment motion on the grounds that the one year Louisiana prescription period had expired. Based on Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the district court granted the motion and dismissed Deere & Co. as a defendant. The court then dismissed Gueydan on the same grounds.
 
 II.
 
 4
 For the first time on appeal Hensgens raises the issue of the district court's subject matter jurisdiction after Gueydan was added as a defendant. Timeliness does not matter, however, because subject matter jurisdiction cannot be waived. Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir.1985).
 
 
 5
 Complete diversity of citizenship is a statutorily mandated rule that is almost as old as the Republic itself. See Strawbridge v. Curtiss, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806). Generally, jurisdiction is determined at the time the suit is filed. Mobil Oil Corp. v. Kelley, 493 F.2d 784, 786 (5th Cir.), cert. denied, 419 U.S. 1022, 95 S.Ct. 498, 42 L.Ed.2d 296 (1974). So the court would have jurisdiction to decide a case even if the plaintiff failed to prove his federal question claim, id. at 786, or if the amount in controversy falls below the jurisdictional amount, see, e.g., Garza v. Rodriguez, 59 F.2d 259, 260 (5th Cir.1977), cert. denied, 439 U.S. 877, 99 S.Ct. 215, 58 L.Ed.2d 191 (1978), or if one of the parties changes its residency during the pendency of the suit, Louisville N.A. & C. Ry. v. Louisville Trust Co., 174 U.S. 552, 566, 19 S.Ct. 817, 822, 43 L.Ed. 1081 (1899). See generally, IMFC Professional Services of Florida v. Latin American Home Health, Inc., 676 F.2d 152, 157 (5th Cir.1982). However, addition of a nondiverse party will defeat jurisdiction. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978).
 
 
 6
 The principles of jurisdiction involving removed cases are similar to cases brought originally in the district court. Remand to state court, instead of dismissal, is the appropriate action if there is a lack of subject matter jurisdiction. Remand after removal is controlled by 28 U.S.C. 1447(c) which provides, in part:
 
 
 7
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.
 
 
 8
 The statute provides the exclusive grounds for remand. Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345, 96 S.Ct. 584, 590, 46 L.Ed.2d 542 (1976). The language of 1447(c) does not mean that the court cannot consider post-removal developments. In Re Merrimack Mutual Fire Ins. Co., 587 F.2d 642, 646 (5th Cir.1978); IMFC Professional Services, 676 F.2d at 157-58. Instead, the rule for remand is the same as original diversity jurisdiction. That is, most post-removal developments--amendment of pleadings to below jurisdictional amount or change in citizenship of a party--will not divest the court of jurisdiction but an addition of a nondiverse defendant will do so. IMFC Professional Services, 676 F.2d at 157-58.
 
 
 9
 In this case the district court lacked jurisdiction to enter the judgment from which the appeal is taken. The addition of Gueydan as a party defendant eliminated diversity, because there were Louisiana residents, Hensgens and Gueydan, on both sides. With complete diversity destroyed, the court had no subject matter jurisdiction to enter its subsequent orders.
 
 
 10
 Deere argues that jurisdiction is determined at the onset of a suit and that subsequent events cannot defeat jurisdiction. Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will. Kroger, 437 U.S. at 374, 98 S.Ct. at 2403. Likewise, Deere's argument that post-removal events will never defeat jurisdiction must fail. Merrimack, 587 F.2d at 646; IMFC Professional Services, 676 F.2d at 157-58. Nor does the fact that Hensgens did not raise the issue until appeal make a difference. In Grubbs v. General Electric Credit Corporation, 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1972), the Court held
 
 
 11
 that where after removal a case is tried without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.
 
 
 12
 But that rule has "no application to a case where at the time of judgment citizens of the same State were on both sides of the litigation." Id. at 704, 92 S.Ct. at 1348. Here, there were Louisiana residents on both sides of the litigation at the time of judgment.
 
 III.
 
 13
 Having decided that the district court did not have subject matter jurisdiction does not end our inquiry. We should next decide whether the district court's joinder of Gueydan was proper. Deere argues that the district court can only add a nondiverse indispensable party, see Fed.R.Civ.P. 19, and has no discretion to add a nondiverse permissive party after removal. Therefore, Deere urges us to treat the joinder of Gueydan as a nullity, but uphold the judgment as to Deere. Alternatively, Deere urges us to vacate the addition of Gueydan and have the district court proceed to judgment as to Deere alone. On the other hand, Hensgens argues that the district court properly allowed amendment to add Gueydan under Fed.R.Civ.P. 15. See Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371 (9th Cir.1980). Once Gueydan was joined, Hensgens concludes, the district court had to remand the case back to state court.
 
 
 14
 We are confronted with competing interests. On one hand, there is the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources. On the other side, the diverse defendant has an interest in retaining the federal forum. Indeed, the removal statutes are predicated on giving the diverse defendants a choice of a state or federal forum. We conclude that the balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party.[1] Instead, the district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added. Accord, Desert Empire Bank v. Ins. Co. of North America, 623 F.2d 1371 (9th Cir.1980); McIntyre v. Codman & Shurtleff, 103 F.R.D. 619 (S.D.N.Y.1984); Grogan v. Babson Brothers Co. of Illinois, 101 F.R.D. 697 (N.D.N.Y.1984). If the court grants the joinder, it must, under 1447(c) and Thermtron remand the case to state court. If it denies the joinder, it cannot remand.
 
 
 15
 Because the court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the original defendant's interest in the choice of forum. The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.
 
 
 16
 This record indicates that the problem of the addition of the nondiverse defendant was not recognized by the court or the parties, and the addition of Gueydan as a defendant was permitted as a routine matter. We, therefore, not only vacate the judgment for lack of subject matter jurisdiction but also vacate the order permitting amendment. We remand to the district court to consider whether justice requires Hensgens to amend to add Gueydan.[2] If so, the court must remand the whole case to state court. If not, the court should not permit amendment and the case should proceed against Deere & Co. as the sole defendant. We express no opinion on the district court's disposition of the claim against Deere & Co. and its holding on the relation back issue.
 
 
 17
 VACATED and REMANDED.
 
 
 
 [1]
 Contrary to Deere's assertion, we are not compelled by Merrimack 's implication that only indispensable parties may be added, to hold otherwise. That implication in Merrimack, 587 F.2d at 647 & 647 n. 8, was dictum since the court's holding, not issuing the writ of mandamus which allowed the remand order to stand, did not in any way depend on that implication. See IMFC Professional Services, 676 F.2d at 159 n. 14 (recognizing the Merrimack statement as dictum and stating "[w]e reserve for decision when the issue is squarely presented whether a district court may allow joinder of a nondiverse party who is not indispensable even though such joinder may result in remand."). Since the Merrimack implication was dictum, we are not bound by it. Cosden Oil & Chemical Co. v. Karl O. Helm Aktiengesellschaft, 736 F.2d 1064, 1070 n. 7 (5th Cir.1984); Curacao Drydock Co. v. M/V Akritas, 710 F.2d 204 (5th Cir.1983)
 
 
 [2]
 The district court is, in this case, the best place to originally decide the equities involved. Compare Desert Empire Bank, 623 F.2d at 1374-77 (balancing the equities on appeal)