**Haltner v. American Home Prod.**          **CV-99-333-B  10/08/99**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Diane Haltner et al.**

   **v.**                                    Civil No. 99-333-B

**American Home Products Corp., et al.**


### MEMORANDUM AND ORDER

Defendants American Home Products Corporation and Wyeth-Ayerst Laboratories removed this diversity of citizenship case to federal court.  Plaintiffs Diane Haltner, Michael Haltner, and Betty Kane seek to amend their complaint to add non-diverse defendants and ask the court to remand the case to state court pursuant to 28 U.S.C. § 1447(e).

Section 1447(e) provides that: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court."  The First Circuit has determined that in a case such as this where the new defendants are dispensable the court may either

deny joinder and retain jurisdiction or allow joinder and remand the case to state court.  See Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 675 (1st Cir. 1994).  Among the factors that a court must consider in choosing between these two options are: (1) whether the plaintiff is attempting to undermine federal jurisdiction; (2) whether the plaintiff has unreasonably delayed its motion to amend; (3) whether the plaintiff's interests will be severely impaired if its motion is denied; and (4) "any other factors bearing on the equities." Hensgens v. Deere & Company, 833 F.2d 1179, 118 (5th Cir. 1987); see also Casas Office Machines, Inc., 42 F.3d at 675 n.8 (endorsing Hensgens factors).

This case is one of hundreds of similar product liability cases that have been filed against American Home Products and Wyeth-Ayherst Laboratories arising from the manufacture and sale of the drugs Phentermine and Fenfluramine.  Many of these cases have been consolidated for purposes of discovery and other pretrial matters in a multidistrict litigation proceeding.  This case will be transferred to the multidistrict litigation proceeding if I deny joinder and retain jurisdiction.  Such a transfer will greatly reduce the expense and complexity of

discovery.  While plaintiffs will be inconvenienced if they are forced to simultaneously litigate their claims against different defendants in state and federal court, the inconvenience is of their own making because they neglected to join all of the defendants in their state court complaint.  Further, the harm that plaintiffs will suffer if I retain jurisdiction does not outweigh the benefits that the defendants will experience if I retain jurisdiction.  Accordingly, I deny plaintiff's motion to amend and remand (doc. no. 4).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

October 8, 1999

cc:  Leslie Nixon, Esq.
     Richard Mills, Esq.