**Alice PHILLIPS, Individually and on Behalf of All Wrongful Death Beneficiaries of Ruth Forbes, Deceased Plaintiffs**

v.

**DELTA AIR LINES, INC. Defendant**

**No. 101 CV–519.**

United States District Court, E.D. Texas, Beaumont Division.

Oct. 16, 2001.

John Gerard Werner, Reaud Morgan & Quinn, Beaumont, for Plaintiff.

John H. Martin, Thompson & Knight, Dallas, for Defendant.

## OPINION AND ORDER

COBB, District Judge.

Before the court are plaintiffs' Motion for Leave to File Second Amended Complaint and Motion for Remand. The court having reviewed the motions and responses on file, is of the opinion that the plaintiffs' motions should be DENIED.

## INTRODUCTION AND BACKGROUND

This court is denying plaintiffs' Motion to file their Second Amended Complaint because the reason for plaintiffs' request is to add named parties whose presence would destroy diversity jurisdiction. As a result, the court also denies plaintiffs's Motion to Remand.

This case arises out of the death of Ruth Forbes, which occurred on a Delta flight from Dallas, Texas, to Atlanta, Georgia, on March 24, 2001. Alice Phillips accompanied her mother, Ruth Forbes, on the flight and brings this wrongful death action on behalf of herself and all of the wrongful death beneficiaries of Ruth Forbes. Upon plaintiffs' motions, a state court judge issued a Temporary Restraining Order, Temporary Injunction and Bill of Discovery and Inspection on April 2, 2001. Delta was served with the above on May 22nd and plaintiffs filed original petition on June 25th. On June 28th, plaintiffs filed their First Amended Petition, but did not serve Delta until July 16th. Delta then filed a Notice of Removal on July 30, 2001. Removal was proper pursuant to 28 USC § 1441, because Delta is a Delaware corporation with a principal place of business in Georgia and Phillips is a resident of Midland County, Texas. The focus of this opinion is plaintiffs' August 28th Motion for Leave to File Second Amended Complaint. The Second Amended Complaint would add Leonard and Patrick Forbes, the husband and son of Ruth Forbes. According to the Second Amended Complaint, Leonard Forbes, although now a resident of Florida, was a resident of Georgia at the time the Original Petition was filed and would thereby destroy diversity jurisdiction.

## ANALYSIS

Plaintiffs' seek to add Leonard and Patrick Forbes to the named plaintiffs in order to defeat diversity jurisdiction and have the case remanded to state court. Leonard and Patrick Forbes are already represented in the lawsuit, and plaintiffs will not be allowed to add them simply to destroy federal jurisdiction.

When confronted with an amendment to add a nondiverse, nonindispensable party, a court should use its discretion in deciding whether to allow that party to be added. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th.Cir.1987). When a court's decision will determine the continuance of its jurisdiction, the addition of a nondiverse party must not be permitted without consideration of the defendant's interest in the choice of forum. *Id.* at 1182. In *Hensgens*, the Fifth Circuit established that a court should scrutinize an amendment naming a new nondiverse de-

fendant more closely than an ordinary amendment. *Id.* at 1182. This court will also more closely scrutinize the motion to add a new nondiverse plaintiff because of the timing of plaintiffs request to amend and the fact that Leonard and Patrick Forbes are already represented as wrongful death beneficiaries.

■ Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and Rule 20 permits joinder of proper parties. *Hensgens,* 833 F.2d at 1182. Here, justice requires this court to consider the four factors listed in *Hensgens* when determining whether to allow the amendment. First, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction. Second, whether the plaintiff has been dilatory in asking for amendment. Third, whether the plaintiff will be significantly injured if the amendment is not allowed. And finally, any other factors bearing on the equities. *Id.* at 1182. The district court, with input from the defendant, should then balance the equities and decide whether the amendment should be permitted. If it permits the amendment of the nondiverse party, it then must remand to the state court. *Id.* at 1182. If the amendment is not allowed, the federal court maintains jurisdiction. *Id.* at 1182.

■ Plaintiffs seek to add Leonard and Patrick Forbes to the named plaintiffs, even though they are already represented in the lawsuit in order to defeat diversity jurisdiction. Leonard and Patrick Forbes are not necessary parties to this lawsuit because their wrongful death claims are being prosecuted by Alice Phillips, ("Phillips"). Although Rule 19 permits joinder of parties needed for just adjudication, or necessary parties, plaintiffs' First Amended Petition seeks recovery by Phillips individually and on behalf of "All Other

Wrongful Death Beneficiaries of Ruth Forbes." Phillips can represent all other wrongful death beneficiaries in accord with Federal Rule of Civil Procedure 17(a), which permits a real party in interest to bring an action in their own name on behalf of others for whose benefit the action is brought, if authorized by statute to do so. The Texas Wrongful Death Statute authorizes Phillips to bring this action on behalf of Leonard and Patrick Forbes. Tex. Civ. Prac. & Rem.Code § 71.004(b). In Texas, "any wrongful death beneficiary may bring a wrongful death action for the benefit of all beneficiaries." *Texas Health Enterprises, Inc. v. Geisler,* 9 S.W.3d 163, 169–170 (Tex.App.—Fort Worth 1999). Hence, Leonard and Patrick Forbes are not indispensable parties and are already represented in this lawsuit, and allowing them to be added to the named plaintiffs would only have the effect of defeating jurisdiction.

Plaintiffs brought a dilatory request to add Leonard and Patrick Forbes, who were both represented by plaintiffs' counsel when the Original Petition was filed. Plaintiffs' counsel admits that he represented Leonard and Patrick Forbes when the Original Petition was filed in plaintiffs' pleading entitled "Plaintiffs' 'Last Word' Regarding Motion For Leave to File Amended Complaint and Motion For Remand". Phillips also obviously knew of the existence of her father and brother, and knew they were wrongful death beneficiaries when the Original Petition was filed, as evidenced by the style of the case. However, plaintiffs waited over two months from the time the Original Petition was filed, and almost thirty days after removal before asking to add Leonard and Patrick Forbes.

The third factor to consider is whether Leonard and Patrick Forbes will be prejudiced by not allowing them to join the

lawsuit as named plaintiffs. Because Phillips can appropriately bring an action on behalf of "All Wrongful Death Beneficiaries of Ruth Forbes," Leonard and Patrick Forbes are represented in this lawsuit, and will not be prejudiced by not allowing them to join as named plaintiffs. There have also been no equitable factors raised which weigh in favor of allowing the proposed amendment.

Plaintiffs' Motion for Leave to File Second Amended Complaint is an effort to add a party to the named plaintiffs for the sole reason of defeating diversity jurisdiction. It is therefore DENIED, hence, plaintiffs' Motion to Remand is also DENIED. Accordingly, it is

ORDERED, that plaintiffs' Motion for Leave to File Second Amended Complaint be DENIED. It is further,

ORDERED, that plaintiffs' Motion to Remand be DENIED.