**Frances PERRY, Individually and on Behalf. of All Others Similarly Situated, Plaintiff**

v.

**HARTFORD INSURANCE COMPANY OF THE MIDWEST, Defendant**

No. CIV.A. 1:01–CV–706.

United States District Court, E.D. Texas, Beaumont Division.

Jan. 15, 2002.

James Andrew Holmes, Wellborn Houston Adkison Mann Sadler & Hill, Henderson, for Plaintiff.

James H Marks Jr, Carl C Scherz, Locke Liddell & Sapp, Dallas, Elizabeth Carol Freeman, Locke Liddell & Sapp, Houston, J Thad Heartfield Jr., Heartfield & McGinnis, Beaumont, for Defendants.

## MEMORANDUM and ORDER

COBB, District Judge.

Before the court is Plaintiff's Motion for Leave to File First Amended Complaint [Dkt. # 3], and the court having reviewed the motion and response on file is of the opinion that the motion be DENIED.

### Background

In July of 1999, Frances Perry, the plaintiff, purchased personal automobile liability insurance from Hartford Insurance Company of the Midwest. Perry claims she executed a Hartford selection/rejection form, but did not reject either PIP or UM/UIM coverage. On August 2, 2000, Perry was involved in an automobile accident with Frank Ealand. On October 3, 2000, Hartford paid Perry $2,500 to settle her PIP claim and $20,000 to settle her UM/UIM claim. Then on September 4, 2001, Perry initiated suit in Texas state court against Hartford on behalf of herself and all Texas insureds who executed similar Hartford selection/rejection forms, requesting a judicial declaration that Hartford's forms are invalid as a matter of law, and therefore, that all persons executing such forms are entitled to a greater amount of PIP and UM/UIM coverage.

Hartford removed this case to federal court on October 11, 2001 and this court held a case management conference on December 7, 2001. On December 10, 2001, Perry filed this motion for leave to file her first amended complaint. In so doing, Perry seeks to add Ealand as a defendant

and to hold him liable for the damages she suffered in the August 2, 2000 accident. Both Perry and Ealand are residents of Texas.

**Discussion**

This situation is governed by 28 U.S.C. § 1447(e) which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e).

■ By enacting this section, Congress has given the court two options: Either deny the joinder or grant it and remand the case. David D. Siegel, Comment on 1988 Revision to 28 U.S.C. § 1447(e) (West Supp.1993). The ruling is discretionary, and it must take into account the original defendants' interest in their choice of forum. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987).[1]

■ *Hensgens* outlines several factors which guide the district court's decision. *Hensgens*, 833 F.2d at 1182. The court should consider first, whether the primary purpose of the amendment is to defeat federal jurisdiction. Next, whether the plaintiff has been diligent in requesting the amendment. Third, whether the plaintiff will be prejudiced if the amendment is denied. Finally, "any other factors bearing on the equities" are taken into account. *Id.* On balance, these factors determine whether the amendment should be allowed.

■ In the present case, the facts counsel against allowing joinder. First, it appears to the court that the amendment is requested primarily for the purpose of de-feating federal jurisdiction. During the Management Conference, counsel for the plaintiff stated that the central issue in this case will be to determine the validity of Hartford's forms. Now, Perry seeks to join Ealand, a non-diverse party, even though a resolution of Perry's claims against Ealand will have no bearing on the determination of the validity of Hartford's forms. This addition of Ealand when he brings nothing to the critical issue in the case raises a strong suspicion that the plaintiff's purpose in joining Ealand is simply to destroy diversity.

Second, the court finds that the Perry did not exercise diligence in attempting to add Ealand. Perry was aware of any claims she might have against Ealand following the August 2, 2000 accident when she originally filed suit in state court against Hartford, and Ealand could have easily been joined at that time. Instead, Perry waited until almost two months after Hartford removed the case to federal court to attempt to add Ealand. Perry claims she did not file suit against Ealand because she believed him to be judgment proof. She submits an affidavit stating that on November 1, 2001, she received credible information that Ealand possessed assets and that he was not, in fact, judgment proof. Assuming Perry conducted a sufficient investigation from the beginning to reasonably conclude that Ealand lacked the resources to pay a judgment, the plaintiff still waited over a month to file an amendment to join Ealand as a defendant. Because Perry knew of her claims against Ealand for more than a year and had credible information that he was not judgment proof for more than a month, the court finds that Perry did not exercise

---

1. *Hensgens* was decided prior to the enactment of § 1447(e). However, the Fifth Circuit recently suggested that the *Hensgens* approach is still good law. *Templeton v.* *Nedlloyd Lines*, 901 F.2d 1273, 1275–76 (5th Cir.1990) (construing legislative history behind § 1447(e)).

diligence in attempting to add Ealand to this lawsuit.

Third, the court finds that Perry will not suffer any serious prejudice if the amendment is denied. Finally, the court finds no equitable factors that would weigh in favor of allowing the proposed amendment. Having considered the above facts and law, the court concludes that the *Hensgens* factors weigh against adding Ealand as a defendant. It is, therefore,

ORDERED, that Plaintiff's Motion for Leave to File First Amended Complaint is hereby DENIED.