Tracy L. SMITH and David S. Smith Plaintiffs

v.

CATOSOUTH, LLC, Debbie Delatte, the Kroger Co., Jane Doe 1 and Jane Doe 2 Defendants

No. 3:05CV782LS.

United States District Court, S.D. Mississippi, Jackson Division.

May 5, 2006.

Donald W. Boykin, Donald W. Boykin, Attorney, Jackson, MS, for Plaintiffs.

Mary Leslie Davis, Mary Leslie Davis, Attorney, Greenwood, MS, William M. Gage, Joseph J. Wiener, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, William O. Luckett, Jr., Luckett Tyner Law Firm, PA, Clarksdale, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

There are presently pending in this case a motion to remand, supplemental motion to remand and motion for leave to amend filed by plaintiffs Tracy L. Smith and David S. Smith, and a motion to strike filed by defendants CatoSouth, LLC (Cato) and The Kroger Company (Kroger), all of which have been fully briefed by the parties. The court concludes that plaintiffs' motion to amend should be granted, and that as a result, the case must be remanded to state court.

Plaintiffs filed suit in state court seeking to recover damages allegedly stemming from Tracy Smith's arrest for uttering a forged check, a crime which she indisputably did not commit. The facts, briefly, are that a check drawn on a Cato account and made out to "Tracy L. Smith" was

presented to a Kroger employee to be cashed. Without requesting or obtaining any identification from the presenter, the Kroger employee cashed the check. Cato determined that the check had been forged, and thus Cato employee Debbie Delatte executed a criminal affidavit against "Tracy L. Smith." As a result, plaintiff Tracy L. Smith was arrested, and charged with uttering a forged instrument. The charge, however, was later dismissed when it was determined that this Tracy Smith was not involved in receiving or cashing the check or any other criminal activity. Plaintiffs sued seeking to recover for Tracy Smith's financial loss and emotional distress resulting from this incident, and for David Smith's alleged loss of consortium.

This case was originally filed in the Circuit Court of Hinds County, Mississippi but was removed by defendants Cato and Kroger on the basis of diversity jurisdiction, since the named parties are of diverse citizenship [1] and, according to defendants, the amount in controversy exceeds the $75,000 threshold required for an exercise of diversity jurisdiction. Plaintiffs moved to remand, asserting that, contrary to the position espoused in defendants' notice of removal, defendants could not sustain their burden to establish the requisite amount in controversy. Defendants responded to that motion, taking the position that it was apparent from the face of the complaint that the $75,000 amount in controversy was met, and that even if not, plaintiffs' refusal to admit or stipulate that the amount in controversy did not and would not exceed $75,000 served to prove defendants' point and sustain their burden.

Plaintiffs subsequently filed a motion for leave to file a first amended complaint "adding" or "substituting" Victoria Keyes,

a Mississippi resident, in the place of the defendant originally identified by plaintiffs only as "Jane Doe 1," an employee of defendant Kroger. Plaintiffs contemporaneously filed a "supplemental" motion to remand contending that Keyes' presence in the suit would destroy diversity jurisdiction, thus necessitating remand.

Defendants have moved to strike plaintiffs' supplemental motion to remand, arguing that the governing rules and law do not contemplate or allow for filing a "supplemental" motion to remand, and certainly not beyond the thirty days provided by 28 U.S.C. § 1447(c) for the filing of remand motions, and further contending that the supplemental motion to remand is improper in any event as it is based not on the complaint filed in state court, but rather on a request to amend that would have the effect of destroying diversity. As to plaintiffs' separate motion for leave to amend, defendants argue that the court should deny the request to amend because plaintiffs cannot reasonably expect to recover on their putative claim against Keyes, and because even if they could state a viable claim, plaintiffs do not intend in good faith to recover a judgment against Keyes.

The court need not consider whether the amount in controversy exceeds $75,000, nor need it decide whether or not the "supplemental" motion to remand is a technically proper motion, because the court is persuaded that plaintiffs should be allowed to amend to "add" or "substitute" Victoria Keyes, whose joinder will destroy diversity. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder

---

**1.** "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded". 28 U.S.C. § 1441(a).

and remand the action to the State court.").[2]

■ In *Hensgens v. Deere & Company,* 833 F.2d 1179 (5th Cir.1987), the Fifth Circuit addressed the standard applicable to where a plaintiff seeks to amend to add a non-diverse defendant following removal of an action on the basis of diversity jurisdiction. The court held that in such cases, the district court "should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 1182. Although this case differs somewhat from the typical § 1447(e) case in that the non-diverse defendant proposed to be identified by the amendment was fictitiously named in the original complaint, that circumstance does not render the *Hensgens* analysis inappropriate since "the equitable nature of the *Hensgens* analysis allows the court to consider not only the plaintiff's motive, but other equitable factors," as well. *Lacy v. ABC Ins. Co.,* No. Civ. A. 95–3122, 1995 WL 688786, *2 (E.D.La. Nov. 17, 1995) (such factors might include "the strength of plaintiff's case against the non-diverse defendants and the diverse defendant's ability to anticipate the citizenship of the fictitiously named defendant(s) at the time of removal").

■ In the court's opinion, plaintiffs have not been dilatory in seeking this amendment; they moved to amend upon learning of Keyes' identity. Nor is the court persuaded that plaintiffs seek this amendment to defeat diversity. In this regard, it is relevant that in their original complaint, plaintiffs described the Jane Doe 1 defendant as an employee of Kroger and resident of Mississippi whose identify and address were not known to plaintiffs. This court has observed that "in the usual case … the fact that a plaintiff has included a defendant as a fictitious defendant in his state court pleading would tend to belie an inference that the plaintiff's motivation for seeking to amend post-removal to substitute a real party for the one previously identified only as a fictitious party is to defeat diversity jurisdiction." *Porter v. Merck & Co.,* Civil Action No. 4:03CV12LN (S.D. Miss. July 17, 2003). *See also Gilberg v. Stepan Co.,* 24 F.Supp.2d 355, 358 (D.N.J.1998) (fact that the plaintiff was unable to effect the substitution before the defendant removed "does not somehow convert any subsequent effort at substitution into a joinder 'for the sole purpose of destroying diversity'"); *Davis v. American Commercial Barge Line Co.,* No. Civ. A. 98–537, 1998 WL 341840, at *2 (E.D.La. June 25, 1998) (substitution of real party for fictitious party named prior to removal indicates purpose of joinder is not solely to destroy diversity). Clearly, plaintiffs would have identified Keyes by name had that information been available.

The primary question presented here is whether plaintiffs can potentially state a cognizable claim against Keyes, for if not, the court would not permit her joinder (or substitution). On this issue, defendants argue that plaintiffs have no arguably viable claim against Keyes because Keyes had no part in filing of criminal charges against Tracy Smith and/or in connection with her arrest, and because Keyes "did not otherwise do anything which damaged

---

**2.** While the statute, by its terms, refers only to post-removal efforts by plaintiffs to "join additional defendants," the Fifth Circuit has recognized that § 1447(e) applies, as well, to the identification of fictitious defendants after removal. *See Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470, 475 (5th Cir.2001).

plaintiff." They contend that while Keyes may have been one of the perpetrators of the crime, and .answerable to the City of Richland or State of Mississippi for her crime, she is not answerable to Tracy L. Smith for any harm she may have suffered as a result of Keyes' crime. The court, however, is unable to conclude that Keyes "did not ... do anything which damaged plaintiff," for which she could be answerable to plaintiff. According to the deposition testimony of the Richland detective assigned to investigate the crime, he has determined that Keyes colluded with others in this check-theft/cashing scheme, a scheme which ultimately led to a criminal affidavit being sworn against plaintiff and her being arrested for a crime she did not commit. The court, simply put, cannot conclude that there is no possible basis on which Keyes could be held accountable to these plaintiffs for harm caused by her conduct.[3]

Defendants contend alternatively that plaintiffs have no real intention of securing a judgment against Keyes, even if she is joined. The court concludes otherwise.

Accordingly, it is ordered that plaintiffs' motion for leave to amend to add Victoria Keyes is granted, and it is therefore ordered that the case shall be remanded to the court from which it was removed.

---

**3.** The court also rejects defendants' arguments that claims plaintiffs would assert against Keyes are misjoined with those asserted against the other, diverse defendants. Obviously, the claims are sufficiently related to be joined.