United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

---

**No. 06-30445**

---

**ADA M. ANDERSON; CYNTHIA Y. ANDERSON;**
**DAVID E. ANDERSON, real party in interest**
**David Louis McElroy; DONALD ANDERSON;**
**JENNIFER ANDERSON; ET AL.,**

**Plaintiffs-Appellants,**

**versus**

**DOW CHEMICAL COMPANY,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(3:02-CV-12)**

---

Before KING, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellants challenge subject-matter jurisdiction, the exclusion of their expert witnesses' affidavits, and the summary judgment awarded Dow Chemical Company. *See **Anderson v. Dow Chem. Co.**,* No. 02-12-C (M.D. La. 23 March 2006). **AFFIRMED.**

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellants are approximately 600 former residents of, and former visitors to, the now-closed Myrtle Grove Trailer Park (MGTP) in Plaquemine, Louisiana.  They filed this diversity action in January 2002, claiming strict liability and negligence because of Dow's alleged vinyl-chloride contamination of the groundwater in and surrounding MGTP, and seeking injunctive relief, as well as compensatory and punitive damages.  After their claims for physical injuries requiring immediate and long-term medical treatment were dismissed with prejudice, Appellants' operative (fourth-amended) complaint requested compensatory and punitive damages arising *only* from:  mental distress associated with actual or perceived vinyl-chloride exposure; increased risk of future diseases, including various forms of cancer; discomfort, inconvenience, and environmental injustice; and loss of consortium.

In October 2004, after extensive discovery, Dow moved for summary judgment.  Supporting its motion were a statement of uncontested facts and exhibits, including a 17 May 2004 report by the United States Department of Health and Human Services Agency for Toxic Substances and Disease Registry (ATSDR), providing the groundwater sampling results for the MGTP.  Among other things, this report stated: "the total vinyl chloride exposures at MGTP were not high enough to produce any of the known adverse health effects attributable to vinyl chloride"; complaints of headaches, skin rashes, numbness, stomach problems, asthma, miscarriages,

nosebleeds, and coughing, and lumps throughout the body were incompatible with the maximum vinyl-chloride exposure sustained by MGTP residents and visitors; and the MGTP presented "No Apparent Public Health Hazard".

Appellants opposed summary judgment by relying, in part, on the affidavits of Dr. C. B. Scrignar (psychiatrist), Dr. Nachman Brautbar (physician), and Dr. Kenneth Rudo (environmental toxicologist). These affidavits stated, *inter alia*: a sampling of Appellants showed most suffered from fear and anxiety resulting from an awareness of vinyl-chloride exposure; some would develop a mental disorder; and all have a significantly increased risk of certain forms of cancer due to Dow's vinyl-chloride contamination of MGTP's water supply.

In March 2006, pursuant to Dow's motion, the magistrate judge excluded these expert affidavits, under Federal Rule of Evidence 702 (requiring expert testimony to be based on reliable methods and sufficient facts or data). That same day, the magistrate judge, in a comprehensive report, recommended granting Dow's summary-judgment motion. Later that month, in response to Appellants' appeal from the evidentiary ruling and over their objections to the report and recommendation, the district court both affirmed the exclusion of the affidavits and awarded summary judgment to Dow.

II.

3

Appellants claim the district court: lacked subject-matter jurisdiction; erred under Rule 702 by excluding the affidavits; and improperly awarded summary judgment. For the reasons that follow, these claims are totally without merit.

A.

Appellants filed this action in district court. Accordingly, their original and first through third amended complaints asserted diversity jurisdiction was proper pursuant to 28 U.S.C. § 1332: "The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000 per Complainant". After Dow moved for summary judgment, however, Appellants reversed course and filed a fourth amended complaint, stating: "The amount in controversy, inclusive of punitive damages, is less than $75,000 per Complainant".

Based on this last, and quite belated, damages assessment, and although Appellants' counsel, of course, claim their jurisdictional allegations in the first four complaints were "in good faith", Appellants maintain § 1332(b)'s amount-in-controversy requirement is no longer satisfied; and, therefore, the district court should have dismissed this action for lack of subject-matter jurisdiction. As Appellants correctly state, jurisdictional requirements must be met throughout all phases of litigation. *See* FED. R. CIV. P. 12(h)(3).

4

On the other hand, as Dow notes, it is well established that, with few exceptions, diversity jurisdiction is determined as at the time an action is filed; an amendment to the complaint or stipulation reducing the amount in controversy does *not* divest a federal court of such jurisdiction. *See* **St. Paul Mercury Indem. Co. v. Red Cab Co.**, 303 U.S. 283, 289-90 (1938) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."); **Hensgens v. Deere & Co.**, 833 F.2d 1179, 1181 (5th Cir. 1987) ("amendment of pleadings to below the jurisdictional amount ... will not divest the court of jurisdiction"); **Garza v. Rodriguez**, 559 F.2d 259, 260 (5th Cir. 1977) (same).

Appellants do *not* reply concerning this fundamental point. Their inadequate briefing on this issue reflects adversely not only on this point, but on their other contentions as well.

B.

Appellants next contend the district court erred in excluding Drs. Scrignar, Brautbar, and Rudo's affidavits. Appellants claim the affidavit testimony of the three proffered experts satisfied the strictures of Rule 702 and **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993).

The exclusion of expert testimony is reviewed for an abuse of discretion. *E.g.*, **Pipitone v. Biomatrix, Inc.**, 288 F.3d 239, 243 (5th Cir. 2002). "A trial court abuses its discretion when its

5

ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." ***Bocanegra v. Vicmar Servs., Inc.***, 320 F.3d 581, 584 (5th Cir. 2003).

The magistrate judge's quite detailed and comprehensive exclusion ruling, affirmed on appeal by the district court, held, *inter alia*: Dr. Scringar's psychiatric evaluations of *only ten* out of *approximately 600* plaintiffs were neither sufficiently reliable nor relevant because they were not based on any objective method of testing or verification; Dr. Brautbar's conclusions concerning increased cancer risks were methodologically unsound and filled with irrelevant information, such as cancer statistics associated with hepatitis B (*not* vinyl-chloride exposure); and Dr. Rudo's environmental toxocological conclusions regarding heightened cancer risks were unsupported by peer-reviewed literature, incapable of repetition, and employed methodology lacking any known error rate.

Appellants fail to show any error in this analysis. In this regard, they do *not* reply to Dow's detailed briefing on their failure to satisfy Rule 702. In sum, for the reasons carefully articulated by the magistrate judge, the district court did not abuse its discretion in ruling these affidavits fail to satisfy Rule 702 and ***Daubert***.

C.

Finally, Appellants contest the summary judgment awarded Dow. Such judgment is reviewed *de novo*. *E.g.*, **Celotex Corp. v. Catrett**, 477 U.S. 317, 330 (1986).

Summary judgment is appropriate "if ... there is no genuine issue as to any material fact and the mov[ant] ... is entitled to a judgment as a matter of law". FED. R. CIV. P. 56(c). The movant must demonstrate the absence of such material-fact issues, but need not negate the elements of the nonmovant's case. *E.g.*, **Boudreaux v. Swift Transp. Co., Inc.**, 402 F.3d 536, 540 (5th Cir. 2005). When the movant has met its Rule 56(c) burden, the nonmovant must identify specific evidence in the summary judgment record giving rise to a material-fact issue and articulate the manner in which the evidence supports its claim. *E.g.*, **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 247 (1986). All reasonable inferences are made in the light most favorable to the nonmovant, *e.g.*, **Calbillo v. Cavender Oldsmobile, Inc.**, 288 F.3d 721, 725 (5th Cir. 2002); but, summary judgment is proper if the nonmovant "'fails ... to establish the existence of an element essential to [its] case, and on which [it] will bear the burden of proof at trial'". **Little v. Liquid Air Corp.**, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting **Celotex Corp.**, 477 U.S. at 322).

Appellants assert summary judgment was improper because: their discovery was cut short; Dow failed to demonstrate the

7

absence of material-fact issues; mental-distress claims cannot be properly decided on summary judgment; and Appellants identified specific evidence establishing a material-fact issue concerning their mental distress.

1.

Regarding Appellants' assertion that they "were not afforded the opportunity to complete discovery", they once again fail to adequately brief this point. For example, they do *not* state whether, pursuant to Rule 56(f), they sought to delay a summary-judgment ruling. In this regard, the docket reflects additional discovery *was* permitted *after* Dow moved for summary judgment. For instance, nearly a year and a half elapsed between Dow's filing its motion and the district court's ruling. The court postponed that ruling several times to allow plaintiffs time to complete discovery or otherwise obtain evidence in opposition to the summary-judgment motion.

2.

Among other evidence supporting summary judgment, the district court relied on the above-described ATSDR report, which concluded:

> [The] data on the toxicology, epidemiology, and physical chemistry of vinyl chloride indicate that exposures at MGTP were of insufficient magnitude and duration to cause adverse health effects. ATSDR therefore concludes that the total vinyl chloride exposures at MGTP were not high enough to produce any of the know[n] adverse health effects attributable to vinyl chloride.

8

Because appellants failed to present competent summary-judgment evidence to dispute these conclusions, the district court jettisoned their claims for increased risk of future disease and mental anguish; and, without any remaining basis for medical monitoring and punitive damages, these claims were dismissed as well.  For these and other reasons stated in the magistrate judge's well-reasoned analysis, summary judgment was proper.

                                III.

    For the foregoing reasons, judgment is

                                                    *AFFIRMED.*

9