Diane WEAVER f/k/a Diane Hickey

v.

METROPOLITAN LIFE INSURANCE

ACTION NO. 4:16–CV–957–Y

United States District Court,
N.D. Texas, Fort Worth Division.

Signed January 23, 2017

Thomas M. Michel, Griffith Jay & Michel LLP, Fort Worth, TX, for Diane Weaver f/k/a Diane Hickey.

Andrew C. Whitaker, Figari & Davenport, Dallas, TX, for Metropolitan Life Insurance.

## ORDER GRANTING MOTION FOR LEAVE TO AMEND BUT DENYING REMAND

TERRY R. MEANS, UNITED STATES DISTRICT JUDGE

Pending before the Court is Plaintiff's Motion for Leave to File Amended Pleading (doc. 11). Also pending before the Court is Plaintiff's Motion to Remand (doc. 12). After consideration of the motions, the related briefs, and the applicable law, the Court concludes that the motion for leave to amend should be granted, but that the motion to remand should be denied.

Plaintiff Diane Weaver originally filed this suit in the 352nd Judicial District Court, Tarrant County, Texas, naming defendant Metropolitan Life Insurance

("Metropolitan) and an "Unknown Payee" as defendants. Weaver's original petition asserts a breach-of-contract claim against Metropolitan for failing to make certain periodic payments to her that are allegedly due under a settlement agreement. Weaver contends that the payments are instead "going to a third party who is believed to be a resident of the State of Texas, but [Metropolitan] will not disclose the name of the person receiving the benefits." (Pl.'s Original Pet. (doc. 1–1) 4, ¶ 15; see also 1, ¶ 5.) Weaver's petition names that "unknown payee" as a defendant, but does not specifically allege any claims against him.

■ Metropolitan removed the lawsuit to this Court on the basis of diversity jurisdiction. One day later, Metropolitan filed an amended answer and an interpleader counterclaim under Federal Rule of Civil Procedure 22(a)(2). Metropolitan asserts that this Court can exercise diversity jurisdiction over the counterclaim and names Weaver and James M. Perry, who it contends is the "unknown payee" named in Plaintiff's original petition, as defendants.[1] Metropolitan contends that the periodic payments under the settlement agreement were owed to Weaver's ex-husband, Larry Hickey, and that although Weaver was originally his beneficiary Hickey changed the beneficiary to Perry after his divorce from Weaver.

■ Weaver now seeks, under Federal Rule of Civil Procedure 15(a), to amend her petition to name Perry as the "unknown payee defendant" and to assert a claim against him. Weaver contends that this addition would destroy diversity jurisdiction, inasmuch as she and Perry are both citizens of Texas, and she thus seeks

---

1. Rule 22 interpleader "predicated on diversity jurisdiction [requires] diversity between the stakeholder on one hand and the claimants on the other." *Gelfgren v. Rep. Nat'l Life Ins. Co.,* 680 F.2d 79, 81 n.1 (9th Cir. 1982). Metropolitan alleges that it is a citizen of New York, while Weaver and Perry are citizens of Texas.

remand to state court under 28 U.S.C. § 1447(e).[2] That statute provides as follows: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.A. § 1447(e) (West 2006).

■ Metropolitan contends that section 1447(e) does not apply and that, if it did, the Court would be required to employ heightened scrutiny to any proposed amendment that would destroy diversity, rather than the liberal review employed under Rule 15(a). Heightened scrutiny is required "to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Consequently, in determining whether to permit an amendment naming a new nondiverse defendant in a removed case, "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* The parties disagree as to whether Weaver's proposed amendment survives this heightened scrutiny.

■ The Court need not decide that issue, however, because it agrees with Metropolitan that § 1447(e) is inapplicable here. Permitting Weaver to name Perry as the unknown payee and to allege a claim against him does not "destroy subject mat-ter jurisdiction," which is required under § 1447(e). Rather, as Metropolitan contends, the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332(a) over Metropolitan's Rule 22(a)(2) interpleader counterclaim brought against Weaver and Perry. And it can exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Weaver's equitable claim for "money had and received" against Perry:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would

2. Weaver also suggests that removal was improper "under the no-local-defendant rule," (Weaver's Br. in Support of Mot. Remand (doc. 13) 2, ¶ 3), inasmuch as her original petition named the unknown payee as a defendant and alleged that he was a citizen of the state of Texas. As Metropolitan correctly notes, however, "in determining whether a civil action is removable on the basis of [diversity] jurisdiction ..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.A. § 1441(b) (West Supp. 2016). Because Weaver and Metropolitan's citizenship is diverse and the unknown payee's citizenship is disregarded, removal on the basis of diversity jurisdiction was proper.

be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C.A. § 1367 (West 2006). The Court has original (diversity) jurisdiction over Metropolitan's interpleader counterclaim regarding the settlement agreement's periodic payments. And Weaver's claim against Perry for those periodic payments is so related to the interpleader claim as to form the same case or controversy under Article III because both claims " 'derive from a common nucleus of operative fact.' " *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 165, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Perry was joined by Metropolitan as a party under Rule 22, and that rule is not one of those mentioned under section 1367(b) as one for which supplemental jurisdiction is inapplicable. Consequently, the Court concludes that the exercise of supplemental jurisdiction under section 1367(a) over Weaver's claim against Perry for the periodic payments is appropriate.[3] Thus, subject-matter jurisdiction is not destroyed by Weaver's amendment, and section 1447(e) is therefore inapplicable.[4] As a result, Plaintiff's request to amend is instead evaluated under Rule 15. The Court has not been presented with any justification for denying her leave to amend under that rule.

Consequently, Weaver's Motion for Leave to Amend (doc. 11) is GRANTED. Weaver's Amended Complaint is DEEMED filed this same day, and the clerk of the Court is DIRECTED to file a copy of the amended pleading, which was attached as an exhibit to the motion for leave. *See* N.D. Tex. L. Civ. R. 15.1(b). Weaver's Motion to Remand (doc. 12) is, however, DENIED.

---

3. Weaver has wholly failed to respond to Metropolitan's contentions regarding supplemental jurisdiction under section 1367.

4. The cases Weaver cites in support of remand do not compel a contrary result. Neither *Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001), nor *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668 (1st Cir. 1994), involved an interpleader counter-

claim brought under Rule 22. Rather, in both of those cases, the courts concluded that the post-removal identification of a fictitious defendant that destroyed diversity required remand under section 1447(c). But those courts were not presented with an interpleader counterclaim that provided an independent basis for the exercise of federal jurisdiction over the case.