James **EHRHARDT** Plaintiff

v.

**ELECTRICAL & INSTRUMENTA-TION UNLIMITED OF LOUI-SIANA** Defendants

No. 1:00–CV–831.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 12, 2001.

Mary Ferguson Bradford, Reaud Morgan & Quinn, Beaumont, TX, for Plaintiff.

G. Mark Jodon, Tara B. Hittelman, Littler Mendelson, Houston, TX, for Defendant.

### MEMORANDUM AND ORDER

COBB, District Judge.

This wrongful termination case was removed from Texas State court on Federal Question grounds. Plaintiff now seeks to amend his pleading and to remand the case to state court. Because the purpose of these post-removal amendments is to defeat this Court's subject matter jurisdiction, Plaintiff's Motion to Amend is DENIED. Plaintiff, however, is granted 30 days to decide whether he will continue to prosecute his federal claim. This Court will continue to retain subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332; therefore, Plaintiff's Motion to Remand is also DENIED.

## I. Background

Plaintiff James Ehrhardt alleges that Defendant Electrical & Instrumentation Unlimited ("EIU"), a Louisiana corporation, breached their oral contract when it fired him based on an allegedly false accusation of sexual harassment made by a "female employee." Ehrhardt and EIU allegedly entered into an oral contract, which provided that Ehrhardt would work as a foreman for EIU for six months at a salary of $21 per hour. He was fired after working about ten days. He brings claims for breach of the oral contract, defamation, intentional infliction of emotional distress, fraud, and gender discrimination (under 42 U.S.C. § 2000-e, *et seq.* ("Title VII")). Ehrhardt originally sued only EIU and did not sue the "female employee" even though he alluded to her in his Original Petition.

Ehrhardt now seeks to make a post-removal amendment to his pleading that will defeat this Court's jurisdiction and, accordingly, moves this Court to remand. His proposed amendment would accomplish two things: (1) add as a defendant Melissa Broussard—the "female employee" alluded to in Plaintiff's Original Petition and (2) drop his Title VII cause of action and leave only the state law claims.

## II. Analysis

■ When an amendment would destroy jurisdiction, most authorities agree that a court should deny leave to amend unless strong equities exist in its favor. *See Hensgens v. Deere Co.,* 833 F.2d 1179, 1182 (5th Cir.1987). If Plaintiff decides to drop his Title VII claim, then this Court will hear the case under its diversity jurisdiction. The crucial inquiry, therefore, is whether the Court should permit the joinder of the non-diverse defendant. Because there are no strong equities in Plaintiff's favor, the Court exercises its discretion under 28 U.S.C. § 1447(e) and denies the joinder.

"Once a case has been properly removed ... it is well-settled that there is *very little* that a plaintiff can do that will defeat federal subject matter jurisdiction and force a remand to state court." 14B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3721 (Supp.2000) (emphasis added); *Bank One Texas Nat. Ass'n v. Morrison,* 26 F.3d 544, 547 (5th Cir.1994). One of things a plaintiff can do in a diversity case, however, is to amend their pleadings to add a non-diverse defendant. *See e.g., Hensgens,* 833 F.2d at 1182. If the joinder is permitted, then the court must remand unless it has jurisdiction under 28 U.S.C. § 1331 or some other provision. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

■ A court faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment. *See Hensgens,* 833 F.2d at 1182. In determining whether a non-diverse defendant can be joined post-removal, the Fifth Circuit has provided four factors to guide this and other courts: (1) whether the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities. *Id.*

■ On the first point—the purpose of the amendment—EIU contends that Ehrhardt's sole purpose in requesting the joinder is to defeat this Court's jurisdiction. Plaintiff counters that, although he was aware of Broussard's involvement in the case prior to filing his Original Peti-

tion, he was "not sure what her name was and was not able to locate her." Ehrhardt pleads that this failure was due to his inability to conduct a thorough investigation to identify and locate Broussard within the time limits on filing a complaint alleging violations of Title VII. First, it is not necessary to know a defendant's whereabouts in order to name her as a defendant. *See Alcantara v. Prudential Life Ins. Co. of America,* 75 F.Supp.2d 563, 566 (E.D.Tex.1999). The crux of the issue, then, is whether Plaintiff's alleged inability to determine who Broussard was is credible.

It is not. Ehrhardt had worked with Broussard at a prior employer, where she allegedly accused him of sexual harassment. He knew of this accusation at the time it was made. As fate would have it, Ehrhardt and Broussard were joined as coworkers again at EIU. Broussard made complaints to EIU's Human Resources department about the prior incident. Ehrhardt knew about Broussard's complaints at EIU. There is little doubt, therefore, that Plaintiff should have known at least Broussard's name at the time his Original Petition was filed in State court.

Even if he did not, however, he could have easily determined her name at that time. This is evident by the fact that, notwithstanding his contention that he could not locate Broussard within 90 days, he was able to locate her address in less than one day by requesting that EIU's counsel provide it to him. (*See* Def.'s Opp'n Pl.'s Am. Compl. and Remand, ex. C.) The facts, therefore, suggest that the purpose of the motion to join Broussard is to defeat this Court's subject matter jurisdiction.

The other factors also counsel against allowing the amendment. Although Plaintiff may not have consciously sought to delay by asking for the amendment, the joinder could have been attempted earlier in the proceedings. Ehrhardt filed his suit in State court on October 24, 2000. The case was removed to this Court on December 5, 2000. Not until a month after the case was removed did Plaintiff seek to amend to add Broussard and drop his federal claim. Although the dates do not conclusively demonstrate an intention to delay, they do further the inference that Plaintiff's purpose in making this amendment is to defeat this Court's jurisdiction.

The final two factors also suggest that Broussard's joinder should be denied. First, Ehrhardt will suffer no prejudice if the amendment is denied because EIU will be able to fully satisfy any judgment plaintiff receives in this case, and the "one satisfaction rule" under Texas law prevents multiple recoveries for the same injury in any event. *See Crown Life Ins. Co. v. Casteel,* 22 S.W.3d 378, 390 (Tex. 2000) ("Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered … This rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury."). Second, Plaintiff has demonstrated no other fairness concerns, and the Court can find none on its own. Equitable concerns, therefore, do not compel the joinder of this non-diverse defendant

### III. Conclusion

Because Plaintiff's request to join a non-diverse defendant is intended only to defeat this court's jurisdiction, denying the amendment will not prejudice him, and no other strong equities exist in his favor, the Court denies his requested amendment. Plaintiff, however, is granted 30 days to decide whether he will continue to prosecute his Title VII claim. This Court will continue to retain subject matter jurisdiction under either 28 U.S.C. § 1331 or

§ 1332; therefore, Plaintiff's Motion to Remand is also DENIED.

Therefore, it is ORDERED that Plaintiff's Motion to Amend and Motion to Remand be DENIED. Plaintiff, however, is granted 30 days from the date of this order to decide whether he will continue to prosecute his Title VII claim.