**ROOF TOPPERS OF EL PASO, INC., Plaintiff,**

**v.**

**WEATHERPROOFING TECHNOLOGIES, INC., Defendant.**

**No. EP–11–CA–511–FM.**

United States District Court, W.D. Texas, El Paso Division.

March 14, 2012.

Mario A. Gonzalez, Attorney at Law, El Paso, TX, for Plaintiff.

W. Paul Miller, Gregg R. Brown, Germer Gertz Beaman & Brown, LLP, Austin, TX, for Defendant.

### ORDER DENYING AS MOOT MOTION TO STRIKE, DENYING MOTION TO FILE SECOND AMENDED COMPLAINT, AND GRANTING MOTION TO TRANSFER

FRANK MONTALVO, District Judge.

On this day, the court considered Roof Toppers of El Paso, Inc.'s ("Roof Toppers") "Plaintiff's Motion for Leave to File Its Second Amended Complaint" ("Motion to Amend") [ECF No. 14], filed February 10, 2012; and Weatherproofing Technologies, Inc.'s ("Weatherproofing") "Defendant's Response to Plaintiff's Motion for Leave to File Its Second Amended Complaint" ("Amendment Response") [ECF No. 19], filed February 24, 2012. The court also considered "Defendant Weatherproofing Technologies, Inc.'s Motion to Transfer Venue" ("Motion to Transfer") [ECF No. 13], filed January 27, 2012;

"Plaintiff's Response in Opposition to Defendant's Motion to Transfer Venue" ("Transfer Response") [ECF No. 16], filed February 10, 2012; and "Defendant Weatherproofing Technologies, Inc.'s Reply in Support of Motion to Transfer Venue" ("Transfer Reply") [ECF No. 21], filed February 27, 2012. For the reasons set forth below, the court will deny Roof Toppers' Motion to Amend and grant Weatherproofing's Motion to Transfer.

## I. BACKGROUND

### A. Procedural History

Roof Toppers brought suit against Weatherproofing in state court for breach of contract and quantum meruit, and Weatherproofing removed the case to this court on diversity grounds on December 5, 2011. Without leave of court, Roof Toppers filed an amended complaint on December 28, 2011, attempting to add non-diverse defendants El Paso Community College District ("EPCC") and Patrick Ruhl ("Ruhl"), and attempting to add claims for fraud, wrongful garnishment, and a request for injunctive relief. On January 27, 2012, Weatherproofing filed "Defendant Weatherproofing Technologies, Inc.'s Motion to Strike Plaintiff's First Amended 'Petition'" ("Motion to Strike") [ECF No. 12], arguing that the first amended complaint should be stricken because Roof Toppers did not have the court's leave to file it. In addition to filing a response to that motion, Roof Toppers filed its Motion to Amend, withdrawing the amended complaint and seeking leave to file a second amended complaint.

### B. Parties' Arguments

#### 1. Motion to Amend

Roof Toppers argues that the court should grant it leave to amend its complaint, pursuant to Hensgens v. Deere & Co.[1] It argues that it has viable claims against EPCC and Ruhl, which it did not bring in state court because of different requirements for adding parties under state law, and therefore its purpose in amending the complaint is not to defeat diversity jurisdiction. It argues that it was not dilatory in bringing its motion to amend because it did so only two weeks after mistakenly attempting to amend without leave and because it is currently before the deadline to amend pleadings and add parties. Roof Toppers further argues that it would be prejudiced if the court were to deny its Motion to Amend because it would be forced to pursue its claims against EPCC and Ruhl in a parallel proceeding.

Weatherproofing agrees that Hensgens provides guidance on whether the court should grant Roof Toppers' Leave to Amend, but disagrees with Roof Toppers about the case's application. Weatherproofing argues that Roof Toppers seeks to amend the complaint primarily to defeat jurisdiction. Weatherproofing contends that there are not colorable causes of action against Ruhl and EPCC, and further argues that EPCC is immune from this type of suit anyway. Also, Weatherproofing argues that the procedural history, which includes among other things Roof Toppers erroneously representing that Weatherproofing is a Texas corporation, indicates a series of attempts to defeat jurisdiction. Weatherproofing argues that the court should deny the Motion to Amend because Roof Toppers did not recently discover any new information leading it to seek joinder of Ruhl and EPCC, but rather has been aware of its putative claims against them for months. Finally, Weatherproofing argues that Roof Toppers would not be prejudiced if the court denied its motion, but otherwise Weather-

---

1. 833 F.2d 1179 (5th Cir.1987).

proofing would be denied its right to a federal forum.

### 2. Motion to Transfer

In its Motion to Transfer, Weatherproofing requests the court to transfer the case to the Northern District of Ohio, Cleveland Division, under 28 U.S.C. § 1406(a) because its contract with Roof Toppers contains a forum selection clause. Weatherproofing argues that the clause is mandatory and enforceable and covers Roof Toppers' claims.

In opposing the Motion to Transfer, Roof Toppers argues that the court should look to 28 U.S.C. § 1404(a) ("Section 1404") rather than 1406(a) ("Section 1406"), and claims that the forum selection clause is not dispositive in itself. Roof Toppers argues that it would be effectively deprived of its day in court if the court transferred the case because of the costs of litigating there, and argues that the case should stay in this court because the witnesses overwhelmingly reside in El Paso and the acts and omissions giving rise to suit occurred in El Paso. Further, Roof Toppers argues that the forum selection clause was the product of over-reaching by Weatherproofing because of the disparity in sophistication and bargaining power between the two companies.

## II. APPLICABLE LAW

### A. Motion to Amend

■ When a plaintiff wants to add non-diverse defendants after removal, "the court may deny joinder, or permit joinder and remand the action to State court."[2]

In exercising its discretion in deciding whether to permit joinder, the court must consider "the original defendant's interest in the choice of forum," and weigh that interest against the plaintiff's "competing interest of not having parallel lawsuits."[3]

### B. Motion to Transfer

■ "Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases."[4] Federal law favors the enforcement of forum selection clauses.[5] In order to avoid a forum selection clause, the party arguing for its inapplicability must "show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."[6]

## III. DISCUSSION

### A. Motion to Amend

■ On balance, Weatherproofing's right to a federal forum outweighs Roof Toppers' interest in avoiding parallel suits. Accordingly, the court will deny Roof Toppers' Motion to Amend. *Hensgens* sets out four nonexclusive factors for the court to consider in weighing the parties' competing interests. Specifically, "the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."[7]

---

**2.** 28 U.S.C. § 1447(e).

**3.** *Hensgens,* 833 F.2d at 1182.

**4.** *Alliance Health Grp., LLC v. Bridging Health Options, LLC,* 553 F.3d 397, 399 (5th Cir. 2008) (internal quotation marks and citations omitted).

**5.** *See M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (adopting an approach recognizing the prima facie validity of forum selection clauses).

**6.** *Id.* at 18, 92 S.Ct. 1907.

**7.** *Hensgens,* 833 F.2d at 1182.

Those factors tip the scales in Weatherproofing's favor.

As to the first factor, Roof Toppers vigorously denies that its purpose in amending its complaint is to defeat diversity jurisdiction. The court finds its chances of recovery against EPCC and Ruhl are minimal at best, however.[8] Roof Toppers brings a breach of contract action against EPCC, despite the fact that Roof Toppers' contract was with Weatherproofing and not with EPCC,[9] and thus EPCC retains sovereign immunity.[10] And, the economic loss rule likely precludes Roof Toppers from recovering from Ruhl for fraud. That rule provides that "[w]hen the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." [11] Roof Toppers brings a fraud claim against Ruhl, specifically seeking damages from such fraud and claiming it performed work outside the scope of the contract in reliance on the fraud. It appears, however, that the gravamen of this claim is that Ruhl promised that Roof Toppers would be paid pursuant to the contract and broke that promise.[12] Ac-

cordingly, Roof Toppers does not have a probable right of recovery against Ruhl.

Even if Roof Toppers' claims are actionable, the timing of its request to join EPCC and Ruhl suggests that the purpose of that request is to defeat jurisdiction. By its own admission, Roof Toppers had been aware of its claims against Ruhl and EPCC for several months, and only sought to add them as parties after Weatherproofing invoked diversity jurisdiction and removed the cause of action to this court. Roof Toppers' argument that such timing is due to "the stricter requirements for amending its pleadings imposed by the federal rules" [13] is unpersuasive. Thus, the court finds that this factor counsels against granting Roof Toppers' Motion to Amend.

The second factor similarly weighs in Weatherproofing's favor, as the court finds Roof Toppers was dilatory in seeking joinder.[14] No new evidence or disclosures brought to light Roof Toppers' claims against EPCC and Ruhl. Instead, as Roof Toppers admits, the primary reason it seeks to add EPCC and Ruhl now is that

8. See Cobb v. Delta Exps. Inc., 186 F.3d 675, 677–78 (5th Cir.1999) (indicating that while fraudulent joinder analysis does not apply in evaluating a motion to amend that would add nondiverse defendants, the court should consider whether recovery is possible).

9. Roof Toppers alleges in its Second Amended Complaint, which is attached to its Motion to Amend at ECF No. 14–2, that "EPCC contracted ... with WTI and Roof Toppers" and purports to attach that contract to its complaint. Yet, there is no such attachment, and Weatherproofing claims that it is an "undisputed fact" that Roof Toppers and EPCC were not in privity of contract. See Amendment. Resp. at 4. Roof Toppers does not contradict that claim in any of its briefings currently before the court.

10. See Tex. Loc. Gov't Code § 271.152 ("A local governmental entity that is authorized by statute or the constitution to enter into a

contract *and that enters into a contract* subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract.") (emphasis added).

11. Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 495 (Tex.1991) (quoting Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex.1986)).

12. See Pl.'s Mot. for Leave to File Its Second Am. Compl., Ex. A [ECF No. 14–2], at 5; see also First Am. Pet. for Suit on Written Contract, Quantum Meruit, Fraud, Wrongful; Garnishment and Inj. Relief [ECF No. 6], at 7 (suggesting that the actual damages from the fraud claim are indistinguishable from the breach of contract claim).

13. Mot. to Am., at 7.

14. See Hensgens, 833 F.2d at 1182.

the case has been removed. Not only does that fact suggest that the purpose of the requested joinder is to defeat jurisdiction, it also indicates that Roof Toppers waited too long for its interests to override Weatherproofing's interest in a federal forum. Assuming its claims against EPCC and Ruhl are colorable, Roof Toppers should have brought those claims when it became aware of them, rather than after Weatherproofing exercised its interest in this forum by removing the case. The parties and the court would have saved considerable time and resources if Roof Toppers had sought joinder sooner or had included EPCC and Ruhl in its original complaint, both of which it easily could have done. Therefore, the court finds Roof Toppers' actions to be dilatory.

Neither the third factor, regarding the hardship to Roof Toppers of denying their Motion to Amend, nor any other factor bearing on the equities, suggests that Roof Toppers' interests outweigh Weatherproofing's. To the extent that Roof Toppers has colorable claims against EPCC and Ruhl, it is true that it will suffer some hardship by having to pursue those claims in state court while parallel federal proceedings continue. Even so, that hardship is relatively insignificant for two reasons. First, as explained above, it is unlikely that Roof Toppers has a viable cause of action against either EPCC or Ruhl. Second, even if it does, Roof Toppers' first and second amended complaints make clear that it can be made whole by recovering from Weatherproofing, alone. Specifically,

it brings its fraud claims against Weatherproofing as well as Ruhl, and its claim against EPCC seeks the benefit of its bargain with Weatherproofing. Because Roof Toppers could fully recover its alleged losses without pursuing parallel claims at all, denying its Motion to Amend would cause it little, if any, injury. Therefore, pursuant to *Hensgens*, the court will deny Roof Toppers leave to amend their complaint to add nondiverse parties.

### B. Motion to Transfer

■ As an initial matter, the court must decide whether to analyze Weatherproofing's Motion to Transfer under Section 1404 or under Section 1406. Section 1404 gives a district court discretion to transfer a case to an appropriate forum "[f]or the convenience of parties and witnesses, [and] in the interest of justice." [15] In deciding a motion to transfer under Section 1404, courts consider several factors bearing on the parties' interest and the public interest.[16] Section 1406, on the other hand, addresses situations in which venue is improper. It provides that in those circumstances the court "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." [17]

As the Fifth Circuit explained, the Supreme Court has held that motions to transfer pursuant to forum selection clauses may be analyzed under Section 1404.[18] Still, the Fifth Circuit does not consider that holding to be a mandate,[19] and courts

---

**15.** 28 U.S.C. § 1404(a).

**16.** *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir.2008) (listing four private interest and four public interest factors).

**17.** 28 U.S.C. § 1406(a) (emphasis added).

**18.** *See Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 522 (5th Cir.2001)

("The Court found that § 1404(a) is *an* appropriate vehicle for such a transfer because it allows for an individualized assessment of fairness and convenience, with a forum selection clause being *one* factor for consideration.") (emphasis in original).

**19.** *See id.* ("*Stewart* does not mandate that whenever a forum selection clause exists any transfer must fall under § 1404(a).").

have suggested that Section 1406 is the more appropriate mechanism to evaluate such motions.[20] The forum selection clause at issue here provides that "any disputes between the parties related in any way to this Agreement shall be resolved through the state or federal courts located in Cleveland, Ohio, which the parties agree shall have exclusive jurisdiction of such matters."[21] That language strongly suggests that, pursuant to the parties' agreement, venue is exclusive in Ohio and is thus improper elsewhere.[22] For that reason, the court considers Weatherproofing's motion under Section 1406, and rejects Roof Toppers' argument that the forum selection clause is just one factor among many for the court to evaluate.

■ Because forum selection clauses are presumptively valid, Roof Toppers must make "a clear showing that the clause is 'unreasonable' under the circumstances" in order to avoid transfer for improper venue.[23] This is a "heavy burden" to bear,[24] and Roof Toppers does not meet it.

■ A forum selection clause may be unreasonable in the following situations:

where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[25]

In arguing that the forum selection clause should be disregarded because of the unequal bargaining power between the parties, Roof Toppers appears to invoke the first prong cited in *Haynsworth*, regarding overreaching. It also argues that it cannot afford to litigate in Ohio, and therefore transfer would deprive it of its day in court. Neither argument overcomes the strong presumption in favor of the forum selection clause's enforceability.

"Fraud and overreaching must be specific to a forum selection clause in order to invalidate it."[26] Roof Toppers makes no attempt to argue that the forum selection clause in particular was the product of

**20.** *See id.* at 523 (assuming that a transfer that did not articulate its statutory basis, but was expressly due to a forum selection clause, was one based on improper venue); *see also Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir.2010) ("[F]orum selection clauses implicate the appropriate venue of a court.").

**21.** Mot. to Transfer, Exhibit A at 6, para. 10.5.

**22.** *See City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir.2004) ("For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intend to make that jurisdiction exclusive.") (citation omitted). *City of New Orleans* makes clear that it is important to distinguish between venue and jurisdiction. *Id.* While the forum

selection clause at issue here uses the term "exclusive" only in reference to jurisdiction, in the context of the entire sentence, the most natural reading suggests that the parties intended both venue and jurisdiction to be exclusive.

**23.** *See Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir.1997) (internal quotation marks and citation omitted).

**24.** *Id.* (internal quotation marks and citation omitted).

**25.** *Id.* (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) and *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 17, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

**26.** *Id.*

overreaching, but rather argues only that the contract as a whole is unfair, citing as an example the contract's provision granting Weatherproofing sole discretion over whether to arbitrate disputes. That argument is not enough for Roof Toppers to meet its burden to show that the forum selection clause itself was the product of overreaching.[27]

Roof Toppers next argues that it would be a significant financial hardship to litigate the case in Ohio, claiming that it cannot afford to hire an attorney there or pay to bring witnesses there. As Weatherproofing points out, however, Roof Toppers does not explain why hiring a lawyer in Ohio would be more expensive than doing so in Texas, and there are ways to mitigate the costs of suit that Roof Toppers does not address.[28] Moreover, the purported higher cost of litigating in Ohio rather than Texas was foreseeable at the time the parties entered into the contract. Although Roof Toppers claims that it had no choice but to accept Weatherproofing's terms in order to execute the agreement, the risk of pursuing potentially expensive litigation in Ohio should have factored into Roof Toppers' decision to enter into the contract in the first place. On some level, it appears that it did.[29] Accordingly, the court finds that the increased costs Roof Toppers faces in Ohio do not make enforcement of the forum selection clause unreasonable.

## IV. CONCLUSION AND ORDERS

The court finds that Weatherproofing's right to a federal forum outweighs Roof Toppers' interest in avoiding parallel proceedings, and declines to allow joinder of EPCC and Ruhl. Additionally, the court finds that the forum selection clause in the parties' contract is valid, enforceable, and reasonable under the circumstances. Further, the court finds that the interests of justice support transfer, rather than dismissal, under Section 1406. The court accordingly enters the following Orders:

1. Roof Toppers' "First Amended Petition for Suit on Written Contract, Quantum Meruit, Fraud, Wrongful; Garnishment and for Injunctive Relief" [ECF No. 6] is **WITHDRAWN.**

2. "Defendant Weatherproofing Technologies, Inc.'s Motion to Strike Plaintiff's First Amended 'Petition'" [ECF No. 12] is **DENIED** as **MOOT.**

3. "Plaintiff's Motion for Leave to File Its Second Amended Complaint" [ECF No. 14] is **DENIED.**

4. "Defendant Weatherproofing Technologies, Inc.'s Motion to Transfer Venue" [ECF No. 13] is **GRANTED.**

5. This matter is hereby **TRANSFERRED** to the United States District Court for the Northern District of Ohio, Cleveland Division. The Clerk of the Court is instructed to

---

27. *Id.* ("[T]o the extent the plaintiffs claim fraud and overreaching in aspects of the General Undertaking other than the [forum selection] clause, their allegations are irrelevant to enforceability.").

28. *See Mouch v. BellSouth Adver. & Publ'g Corp.*, No. Civ. A. 04–962, 2004 WL 1687231, at *3 (E.D.La. July 22, 2004) (describing ways in which witness-related costs can be reduced, such as entering into stipulations and using deposition testimony) (citation omitted).

29. *See* Decl. of Ruben Maldonado, Transfer Resp., Ex. A, at 1 (averring that the Roof Toppers representative who executed the contract noticed the choice-of-law provision, but entered into the contract anyway in order to secure the work). Indeed, throughout his affidavit, Maldonado demonstrates that he weighed the costs of potentially unfavorable contract terms against the benefit of getting the project, and apparently determined that the benefits outweighed the costs.

take all steps necessary to transfer this cause.

**SO ORDERED.**