Chad S. GILL, Individually and as Next Friend of T.L.G., a Minor, and Dakota James Gill, Plaintiffs,

v.

MICHELIN NORTH AMERICA, Inc., Defendant.

No. EP–13–CA–219–FM.

United States District Court, W.D. Texas, El Paso Division.

Signed Sept. 17, 2013.

Evelina Ortega, El Paso, TX, for Plaintiffs.

Chris A. Blackerby, Thomas M. Bullion, III, Germer Gertz Beaman & Brown, Austin, TX, for Defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING PLAINTIFFS' MOTION TO REMAND

FRANK MONTALVO, District Judge.

On this day, the court considered Plaintiff Chad S. Gill and Plaintiff Dakota James Gill's (collectively "Plaintiffs") "Motion for Leave to Amend Complaint" ("Motion for Leave") [ECF No. 3], filed August 5, 2013; "Plaintiff's [sic] Motion to Remand" ("Motion to Remand") [ECF No. 4], filed August 5, 2013; and Defendant Michelin North America, Inc.'s ("Defendant" or "MNA") "Defendant Michelin North America, Inc.'s Response to Plaintiffs' Motion for Leave to Amend and Motion to Remand" [ECF No. 7], filed August 16, 2013.

In their Motion for Leave, Plaintiffs request to amend their Original Complaint "to respond to Defendant Michelin's Special Exceptions, to drop Michelin North America, Inc., d/b/a B.F. Goodrich [as a Defendant], and further to add another Defendant, EPL, Inc., d/b/a Trinity Auto Sales ('Trinity Auto Sales')."[1] In their Motion to Remand, Plaintiffs argue that this court lacks subject matter jurisdiction over the lawsuit under diversity jurisdiction in the event that their Motion for Leave should be granted.[2] Defendant opposes both motions and believes they should be denied pursuant to 28 U.S.C. § 1447(e).

### A. Procedural History

On June 11, 2013, Plaintiffs filed the instant action in the District Court for the County of El Paso, 171st Judicial District, State of Texas. On June 21, 2013, Plaintiffs filed an Amended Original Petition.

On July 11, 2013, Defendant filed its "Defendant Michelin North America, Inc.'s Special Exceptions, Original Answer to Plaintiffs' First Amended Petition and Jury Demand" in state district court. On July 12, 2013, Defendant filed a Notice of Removal to this court, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(d). Plaintiffs now request this court to remand "because diversity between the parties will not exist pursuant to 28 U.S.C. § 1332(c)(1) if Plaintiffs are allowed to amend their cause of action and add a non-diverse defendant."[3]

---

**1.** Mot. for Leave, at 2.

**2.** Mot. to Remand, at 2.

**3.** Mot. to Remand at 2.

### B. Parties' Argument

In support of their Motion for Leave, Plaintiffs explain that "Defendant Michelin alleges that Plaintiffs' damages were 'proximately caused by the acts, omissions, or fault of third parties for whose conduct MNA is not in any way liable or responsible.' "[4] Further, Plaintiffs claim they pleaded a viable cause of action against Trinity Auto Sales under Texas Civil Practice and Remedies Code § 82.003(a)(5).[5] As such, Plaintiffs contend Trinity Auto Sales is a proper party under Federal Rule of Civil Procedure 20 ("Rule 20"), and a necessary party in order to enable Plaintiffs to prove their cause.[6]

In their Motion to Remand, Plaintiffs assert that if "this motion [should] be granted, this [c]ourt would lack subject matter jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332."[7] Plaintiffs contend "that when a non-diverse party is brought into the action, complete diversity is destroyed and the case should be remanded."[8] In further support for its Motion to Remand, Plaintiffs point to 28 U.S.C. § 1447(c), declaring that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded,"[9] and to Rule 20, which permits the joinder of proper parties.[10]

Defendant believes the court should deny Plaintiffs' motions after applying the four-factor equitable balancing test proposed by the Fifth Circuit in *Hensgens v. Deere & Co.*[11] Applying the four factors, Defendant asserts that the primary purpose of Plaintiffs' amendment is to defeat diversity jurisdiction, Plaintiffs were not diligent in pursuing the amendment, and that Plaintiffs will not be prejudiced if the amendment is denied, but Defendant will be prejudiced if the amendment is permitted.

### I. APPLICABLE LAW

When a civil action over which federal district courts would have original jurisdiction is brought in state court, it may be removed to federal court.[12] United States district courts have original jurisdiction over suits brought between citizens of different states where the amount in controversy exceeds $75,000.[13] All plaintiffs must be completely diverse from all defendants for a district court to have jurisdiction on diversity grounds.[14] Further, when a properly joined and properly served defendant "is a citizen of the State in which such action is brought" the suit is not removable on diversity grounds.[15] "Removal statutes are to be construed strictly against removal and for remand,"[16] and "doubts regarding whether removal jurisdiction is proper should be

4. Mot. for Leave at 2.

5. *Id.*

6. *Id.* at 2–3.

7. Mot. to Remand, at 2.

8. *Id.* at 5 (citing *Doleac v. Michalson,* 264 F.3d 470 (5th Cir.2001)).

9. 28 U.S.C. § 1447(c).

10. Mot. to Remand, at 5.

11. 833 F.2d 1179, 1182 (5th Cir.1987).

12. 28 U.S.C. § 1441(a).

13. *Id.* at § 1332(a).

14. *Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir.1992).

15. 28 U.S.C. § 1441(b).

16. *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996).

resolved against federal jurisdiction."[17]

The "state court complaint as it exists at the time of removal" determines if removal is proper.[18] Pursuant to 28 U.S.C. § 1447(c), a party opposing removal may file a motion to remand. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[19]

## II. DISCUSSION

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[20] Consequently, the court has only two options: (1) deny joinder and retain jurisdiction, or (2) permit joinder and remand to state court.[21] Notwithstanding, a district court should not permit joinder of a party "against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction."[22]

A district court, "when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[23] Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires,"[24] district courts are required to consider a number of factors to determine if the amendment should be permitted.[25]

The Fifth Circuit identified the following factors "to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits:" (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; (4) and any other factors bearing on the equities.[26]

### A. Whether the Purpose of the Amendment is to Defeat Federal Jurisdiction

Under the first factor, the court will look to whether Plaintiffs timely stated a cognizable claim against the proposed new defendant.[27] In Plaintiffs' Proposed Second

17. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000).

18. *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir.1995); *see also Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000); *St. Paul Rein. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).

19. 28 U.S.C. § 1447(c).

20. 28 U.S.C. § 1447(e).

21. *Id.*

22. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir.1999).

23. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987), cert. denied, 493 U.S. 851, 110 S.Ct. 150, 107 L.Ed.2d 108 (1989).

24. Fed.R.Civ.P. 15(a).

25. *See Hensgens*, 833 F.2d at 1182; *see also Doleac*, 264 F.3d at 474; *Cobb*, 186 F.3d at 677.

26. *See Hensgens*, 833 F.2d at 1182.

27. *See Cobb*, 186 F.3d at 677–78 (indicating that while fraudulent joinder analysis does not apply in evaluating a motion to amend that would add non-diverse defendants, the court should consider whether recovery is possible); *see also Smith v. Robin America, Inc.*, Civil Action No. H–08–3565, 2009 WL 2485589, at *5 (S.D.Tex. Aug. 07, 2009) (collecting cases for the proposition that the "validity of the new cause of action is one indicator of whether the principal purpose of the proposed joinder is to defeat diversity.").

Amended Original Complaint, Plaintiffs allege that Trinity Auto Sales, the dealership or seller, made express factual representations that the truck at issue, with the tire in question, was a good vehicle and could be used in a manner that Plaintiffs was intending for its use.[28] In addition, Plaintiffs contend they relied on this incorrect representation and were injured as a result.[29] Lastly, Plaintiffs' proposed amendment also alleges that Trinity Auto Sales was negligent in failing to warn them of the potential injury by use of the subject tire, and in making an express factual representation to Plaintiff Chad S. Gill that the product was good for its intended use when it was not.[30] Although Plaintiffs assert a negligence cause of action, it constitutes a "products liability action" under Texas law.[31] Under chapter 82 of the Texas Civil Practice & Remedies Code, a "products liability action" is defined as:

> any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, *negligence*, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.[32]

Section 82.003 of Texas Civil Practice & Remedies Code "provides blanket protection for nonmanufacturing sellers of products from liability for injuries caused by a defective product *unless one of the specified exceptions apply*." [33] Plaintiffs do not dispute the pending action is a products liability action and thus governed by chapter 82 of the Texas Civil Practice and Remedies Code, or that Trinity Auto Sales is a non-manufacturing seller. Instead, Plaintiffs allege Trinity Auto Sales is liable to them under § 82.003(a)(5) of Texas Civil Practice & Remedies Code ("Section 82.003(a)(5)"), one of the exceptions to the aforementioned "blanket protection." [34]

Section 82.003(a)(5) provides that a seller may be liable for an "express factual representation about an aspect of the product" if the representation was "incorrect; the claimant relied on the representation in obtaining or using the product; and if the aspect of the product had been as represented the claimant would not have been harmed by the product or would not have suffered the same degree of harm." [35] Defendant argues that "general representations about a product are not sufficient to impose liability ... under 82.003(a)(5)," and thus there is no colorable claim against Trinity Auto Sales.[36]

In *In re Yamaha Motor Corp. Rhino ATV Products Liab. Litig.*,[37] the non-man-

---

**28.** *See* Proposed Second Amend. Complaint, at ¶ 20 [ECF No. 3–1].

**29.** *Id.*

**30.** *Id.* at ¶ 30(B).

**31.** *See Garcia v. Nissan Motor Co., Ltd.,* No. Civ. A. M–05–59, 2006 WL 869944, at *2 (S.D.Tex. March 30, 2006); *see also Rubin v. Daimler Chrysler Corp., et al.,* No. Civ. H044021, 2005 WL 1214605, at *3 (S.D.Tex. May 20, 2005).

**32.** Tex. Civ. Prac. & Rem.Code § 82.001 (emphasis added).

**33.** *Garcia v. LG Electronics USA Inc.,* Civil Action No. B–11–61, 2011 WL 2517141, at *2 (S.D.Tex. June 23, 2011) (emphasis added).

**34.** Mot. for Leave, at 2.

**35.** Tex. Civ. Prac. & Rem.Code § 82.003(a)(5).

**36.** Resp., at 5.

**37.** No. 3:09–MD–2016–JBC, 2009 WL 939279, at *3–4 (W.D.Ky. April 6, 2009) (applying Texas state law).

ufacturing seller stated that his vehicle was "safer than a four wheeler."[38] In the context of Section 82.003(a)(5), the *Rhino* court concluded that plaintiffs did not "state a specific basis for any statement being 'inaccurate' apart from their general allegations that the [product] was defective and, therefore, not actually safe," and that the statement did not " 'independently contribute [ ] to the harm caused by the defective product.' "[39] Consequently, the *Rhino* court held that the plaintiffs failed to state a claim against the nonmanufacturing seller under Texas law.[40]

 Similarly, Plaintiffs merely allege that Trinity Auto Sales represented that the Dodge Ram pickup at issue—and thus its component tire—was a "good truck" (i.e. that the product was safe).[41] Plaintiffs have not alleged any basis for any express factual misrepresentation made by Trinity Auto Sales apart from the general allegations of the defectiveness of the truck or tire at issue.[42] Furthermore, Plaintiffs have not alleged Trinity Auto Sales represented the Dodge Ram pickup or tire at issue were safe while having knowledge that it was actually defective or unsafe.[43]

Accordingly, Plaintiffs do not have a probable right of recovery against Trinity Auto Sales, the proposed new defendant, under Section 82.003(a)(5).

 To the extent Plaintiffs allege a cause of action under Section 82.003(a)(4) for "failing to warn Plaintiffs of potential injury by use of the tire in question,"[44] Plaintiffs have not adequately pleaded Trinity Auto Sales exercised substantial control of a warning or instruction that accompanied the tire in question. In order to be able to hold a non-manufacturing seller liable under Section 82.003(a)(4), Plaintiffs must allege and prove "that the seller exercised substantial control over the content of a warning or instruction that accompanied the product; the warning or instruction was inadequate; and the claimant's harm resulted from the inadequacy of the warning or instruction."[45] Accordingly, Plaintiffs do not have a probable right of recovery against Trinity Auto Sales, the proposed new defendant, under Section 82.003(a)(4). Thus, the first *Hensgens* factor weighs substantially against allowing Plaintiffs leave to amend.[46]

38. *Id.* at *3.

39. *Id.* at *3–4 (quoting *Rubin,* 2005 WL 1214605, at *9) (holding that "in order for a non-manufacturing seller to be held liable for injuries caused by a defective product because of a factual representation it has made, the statement must be incorrect and it must 'independently contribute [ ] to the harm caused by the defective product.' ").

40. *Id.* at *4.

41. *See* Proposed Second Amended Complaint, at ¶ 20 [ECF No. 3–1].

42. *Cf. Helm v. Moog Inc.,* Action No. 4:11–CV–109–Y, 2011 WL 3176439, at *4 (N.D.Tex. July 27, 2011) (holding that defendants' alleged representation that the product was safe to use in the shoulder joint to deliver continuous pain medication stated a factual basis for

an actionable claim under 82.003(a)(5)); *Pham v. Toyota Motor Corp.,* Civil Action No. 3:06–CV–576, 2007 WL 43902, at *2 (S.D.Tex. Jan. 4, 2007) (stating that the allegation that a salesperson "advocated use of the 4–Runner in ways likely to cause it to roll over" stated a factual basis for an actionable claim under 82.003(a)(5)).

43. *Cf.* Tex. Civ. Prac. & Rem.Code § 82.003(a)(6).

44. *See* Proposed Second Amended Complaint, at ¶ 30(B)(2).

45. Tex. Civ. Prac. & Rem.Code § 82.003(a)(4).

46. *Cobb,* 186 F.3d at 678 (suggesting that where there is no cognizable claim, joinder would never be granted so as to defeat diversity jurisdiction).

### B. Whether Plaintiffs Have Been Dilatory In Asking For Amendment

Courts generally find a plaintiff "is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred.' " [47] However, when the proposed amendment is to add a non-diverse defendant shortly after removal based on federal diversity jurisdiction, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." [48]

■ Here, no significant activity had occurred beyond the court's order for proposed scheduling order. Plaintiffs' motion to amend was filed three weeks after removal. The alleged basis of liability against Trinity Auto Sales dates back to the sale of the vehicle. Thus, Plaintiffs' failure to include Trinity Auto Sales in their Original Petition and First Amended Original Petition cannot be the result of an inadvertent oversight. More likely, Trinity Auto Sales was not included as Plaintiffs lacked a factual basis to do so. Accordingly, the court finds that the second factor weighs against allowing Plaintiffs leave to amend.

### C. Whether Denying Amendment Would Cause Prejudice

■ As discussed *supra*, the court determined that it was unlikely that liability could be imposed upon Trinity Auto Sales under the facts alleged pursuant to Texas law. As such, there exists little prejudice in forcing Plaintiffs to bring a second claim against Trinity Auto Sales in state court.[49] Furthermore, even if Plaintiffs do have a viable cause of action against Trinity Auto Sales, Plaintiffs could fully recover its alleged losses without pursuing parallel claims at all.[50] Here, Plaintiffs could be made whole by recovering from Defendant Michelin North America, Inc. alone. Accordingly, denying Plaintiffs' motion to amend would cause them little, if any, injury. Therefore, this factor weighs against granting Plaintiffs' motion to amend.

### D. Whether There Exist Any Other Factors Bearing On The Equities

Plaintiffs have not articulated any other factors for the court's consideration. After considering the *Hensgens* factors, the court denies Plaintiffs' requested amendment and Plaintiffs will not be permitted to add Trinity Auto Sales as a non-diverse defendant in the above-captioned cause.

### III. *CONCLUSION*

On balance, Defendant's right to a federal forum outweighs Plaintiffs' interest in

---

**47.** *Smith*, 2009 WL 2485589, at *6 (quoting *Herzog v. Johns Manville Products Corp.*, No. Civ. A. 02–1110, 2002 WL 31556352, at *2 (E.D.La. Nov. 15, 2002)).

**48.** *Priester v. Long Beach Mortg. Co.*, No. 4:10CV641, 2011 WL 6116481, at *2 (E.D.Tex. Dec. 8, 2011) (quoting *Irigoyen v. State Farm Lloyds*, No. 03–0324, 2004 WL 398553, at *4 (S.D.Tex. Jan. 5, 2004)); *see also Phillips v. Delta Air Lines, Inc.*, 192 F.Supp.2d 727, 729 (E.D.Tex.2001).

**49.** *See Smith*, 2009 WL 2485589, at *6.

**50.** *See Roof Toppers of El Paso, Inc. v. Weatherproofing Technologies, Inc.*, 949 F.Supp.2d 669, 673–74 (W.D.Tex.2012); *see also Ehrhardt v. Elec. & Instrumentation Unlimited of La.*, 137 F.Supp.2d 765, 767 (E.D.Tex.2001) (quoting *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex.2000) ("Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered ... This rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury.")).

avoiding parallel suits. Accordingly, Plaintiffs' "Motion for Leave to Amend Complaint" [ECF No. 3] is **DENIED.** This court will continue to retain subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, "Plaintiff's [sic] Motion to Remand" [ECF No. 4] is also **DENIED.**